IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                        CHAPTER 7

ONEKA S. WASHINGTON                                    CASE NO. 20-01611-JAW

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
FOR PRE-PETITION CLAIM, *NUNC PRO TUNC* AND MOTION FOR APPROVAL
OF COMPROMISE AND SETTLEMENT REGARDING DISBURSEMENT OF FUNDS**

      **COMES NOW**, **Eileen N. Shaffer**, Trustee, and files this her Motion for Approval of Compromise and Settlement for a Pre-Petition Claim, *Nunc Pro Tunc* and Motion for Compromise and Settlement Regarding Disbursement of Funds, and would show unto the Court as follows:

      1.      That the debtor had a pre-petition personal injury claim ("Claim") pending at the time her bankruptcy petition was filed.

      2.      The Claim was settled without notice to the Trustee, and there was no Bankruptcy Court approval sought for the settlement.

      3.      That the settlement funds were disbursed to Special Counsel for the Trustee around March, 2022.

      4.      Epiq was selected as the processing agent for all claims paid out for claims in the nature of the debtor's. Notice had been given to Epiq by the Trustee that any funds resulting from the Claim were property of the bankruptcy estate.

      5.      Special Counsel advised the Trustee on June 6, 2023 that the gross settlement for this claim was $50,000.00.

      6.      Out of the $50,000.00 settlement, the debtor was issued a check in March, 2022 in the amount of $22,248.70.

      7.      That pursuant to this Court's Order [Dkt. #30] employing special counsel, their

combined fees and expenses were to not exceed fifty percent (50%) of the total recovery.

8. That unsecured claims totaling $17,042.57 have been filed in this case[1].

9. That Special Counsel has agreed to remit to the bankruptcy estate, a total of $25,000.00[2] representing one-half of the settlement proceeds.

10. That a settlement of the debtor's Lawsuit, *nunc pro tunc*, and the Trustee's claim for the settlement funds are in the best interest of the bankruptcy estate and its creditors.

11. That after payment of all administrative claims and claims of the creditors, any excess funds shall be returned to *The Driscoll Firm, LLC,* as it is the firm remitting the settlement funds. There will not be a refund to the debtor.

12. That the Trustee asserts that the settlements are fair and reasonable The Trustee requests the Court to approve the settlements.

13. That the settlements comply with the 5th Circuit standards for approving compromise and settlements.

14. A basic policy in bankruptcy cases is that compromise is favored. 10 Lawrence P. King, Collier on Bankruptcy, ¶9019.01 at 9019-2 (15th ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it:

> apprises itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment

---

[1] Proof of Claim #6 was disallowed [Dkt. #35].
[2] Subject to further order of this Court regarding approval of attorneys' fees and expenses of special counsel.

of the wisdom of the proposed compromise.

*Id.* At 424.

15. The Fifth Circuit standard has been stated in *Official Comm. Of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

    (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law,
    (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
    (3) all other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* At 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

16. That approval of the debtor's Claim for $50,000.00, *nunc pro tunc* will not prejudice any parties in interest.

17. That settlement proceeds in the amount of $25,000.00 shall be deposited into an estate account for Oneka S. Washington, established for the benefit of creditors, to be disbursed pursuant to further Order of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Eileen N. Shaffer, Trustee, respectfully requests that this Court enter an Order:

- Approving the Settlement of the bankruptcy estate's Claim in the pre-petition litigation of $50,000.00, *nunc pro tunc*;

- Approving the settlement of the bankruptcy estate's claim to the funds resulting from the Claim in the amount of $25,000.00

- That funds remaining after distribution of administrative claims and the claims of the creditors, shall be remitted back to The Driscoll Firm, LLC. That there will not be a refund of any surplus funds to the Debtor; and

- For such other relief as is deemed just.

Respectfully submitted,

CHAPTER 7 TRUSTEE

BY: _____
EILEEN N. SHAFFER
Attorney for Trustee

EILEEN N. SHAFFER MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph: (601) 969-3006; Fax: (601) 949-4002
Email: eshaffer@eshaffer-law.com

## CERTIFICATE OF SERVICE

I, Eileen N. Shaffer, Attorney for Trustee, do hereby certify that I have this date mailed by United States Mail, postage pre-paid, electronically transmitted via CM/ECF Noticing, or electronically mailed, a true and correct copy of the above and foregoing Motion for Approval of Compromise and Settlement, *Nunc Pro Tunc* and Motion for Approval of Compromise and Settlement Regarding Disbursement of Funds to the following, on the day and year hereinafter set forth:

John J. Driscoll, Esq.
1311 Ave Ponce de Leon, 6th Floor
San Juan, PR 00907
Documents@jjlegal.com

Daniel Thornburgh, Esq.
Aylstock, Witkin, Kreis & Overholtz
17 E. Main St., Suite 200
Pensacola, FL 32502
dkoehle@awkolaw.com

Michael F. Cardoza, Esq.
The Cardoza Law Corporation
548 Market St. #80594
San Francisco, CA 94104
mike.cardoza@cardozalawcorp.com

Bryant D. Guy, Esq.
Attorney for Debtor
bdguylaw@yahoo.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

**SO CERTIFIED** this the 24th day of August, 2023.

_____
EILEEN N. SHAFFER