# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    CASE NO. 20-01611-JAW
ONEKA S. WASHINGTON                         CHAPTER 7

## APPLICATION FOR ALLOWANCE OF COMPENSATION
## AND REIMBURSEMENT OF NECESSARY EXPENSES
## OF SPECIAL COUNSEL

**COMES NOW**, The Driscoll Firm, LLC ("Applicant"), through Counsel and files this Application for Allowance of Compensation and Reimbursement of Necessary Expenses of Special Counsel, and in support thereof, would show unto the Court the following matters, to-wit:

## FACTS AND CASE HISTORY

1. Oneka S. Washington ("Debtor") retained the services of Applicant to pursue a products liability personal injury action, entered into an agreement between the debtor and the aforementioned attorneys, said attorneys were to perform legal services for a contingency fee of forty-five percent (45%) of the total settlement plus expenses.

2. After the Debtor filed the instant bankruptcy action, the Trustee sought, and was granted authority by this Court to retain Special Counsel said attorneys were to perform legal services for a contingency fee of forty-five percent (45%) of the total settlement, with the expenses and fees not to exceed fifty percent (50%) of the settlement. (Dk # 30) Specifically, the legal fees were approved in the following proportion.[1]

| | |
|---|---|
| The Driscoll Firm, LLC | 50% |
| Aylstock, Witkin, Kreis & Overholtz, PLLC | 10% |
| The Cardoza Law Corp. | 40% |

---

[1] A copy of the closing statement is attached hereto

3. The claim was ultimately settled for $50,000.

4. Epiq was selected as the processing agent for all claims paid out for claims in the nature of the Debtor's. Notice had been given to Epiq by the Trustee that any funds resulting from the Claim were property of the bankruptcy estate. Applicant falsely believed that Epiq would disburse the settlement funds to the Trustee. Applicant does have a process in place to designate and flag cases involved with bankruptcy. That process was not followed in this case and employee responsible has been terminated.

5. Epiq, despite the notice of the bankruptcy stay, paid the funds in question to the debtor. Out of the $50,000.00 settlement, the debtor was issued a check in March, 2022 in the amount of $22,248.70.

6. Applicant has worked with the Trustee to rectify the error.

7. Upon motion of the Trustee, this Court approved the underlying products liability injury settlement of $50,000.00. [Dkt. 43].

8. This Court directed a fee application be submitted, and Applicant is hereby presenting same.

## ALLOWANCE OF COMPENSATION

9. That the Court has authority to allow this compensation and to pay the same as authorized by 11 U.S.C. § 330, after notice and a hearing.

10. That Applicant has taken into consideration the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 499F.2d 714 (5th Cir. 1974), made applicable to proceedings in this Court by the decision in *In Re First Colonial Corp. of America,* 544 F. 2d, 1291 (5th Cir., *cert. denied,* 97 S. Ct. 1696 [1977]), in establishing a reasonable request for compensation, and as shown by the discussion of those factors contained herein. The fee

is reasonable in light of the requirements that bankruptcy estates be administered as economically as possible and that all the services rendered are of a legal nature requiring the services of an attorney.

11. In accordance with the authorization of special counsel as attorneys for Trustee, said attorneys have been called upon to provide extensive legal services to the Trustee.

12. To a certain extent, other employment was precluded by services rendered in that at certain periods of the administration of this bankruptcy, the legal representation of the Trustee/bankruptcy estate prevented the attorneys from working on other cases.

13. That the attorneys are duly licensed and authorized, practicing in multiple states.

14. That a contingency fee of 45% is customary for this type of matter.

15. This court ordered that the entire amount of the $50,000 settlement be paid to the bankruptcy estate's Trustee, and Applicant complied by paying the full amount.

16. Applicant was never in possession of the $50,000.00 settlement proceeds as those were disbursed by Epiq. Epiq disbursed the attorney's fees as follows:

    a. Applicant: $12,150

    b. Aylstock, Witkin, Kreis & Overholtz, PLLC: $2,250

    c. The Cardoza Law Corp $8,100.00

17. In order to ensure compliance with this Court's directive, Applicant did not seek the return of legal funds from the other two firms approved as special counsel, and instead, paid the entire $50,000.00 of the settlement to the Trustee. Accordingly, The Driscoll Firm is requesting that it receive the allowed amount of fees and costs allowed by this Court's prior approval, in the sum of $22,500.

## DEDUCTIONS FOR SETTLEMENT ADMINISTRATION

18. There were certain necessary deductions from the settlement that were paid from the settlement proceeds. An itemized closing statement is attached. Deductions were made for:

    a. Court Ordered Holdback for Common Benefit Expenses - $4,000.00

    b. Deductions for Settlement Administrators, Special Master and Archer Fees - $1,031.30

19. These deductions were paid by Epiq and will not need to be paid from the bankruptcy estate. These deductions would have been paid by the Trustee if the settlement proceeds were disbursed by the Trustee. The hypothetical Trustee disbursement would have been as follows:

    a. Gross Settlement: $50,000.00
        i. - Attorney's Fees Deduction: $22,500.00
        ii. - Settlement Administration Deduction: $5,031.30
    b. Net Proceeds to Creditors: $22,468.70

20. Applicant is requesting that these deductions for settlement administration in the amount of $5,031.30 be repaid to applicant. The $4,000.00 Holdback for the Common Benefit Expenses is court ordered and must be deducted from every settlement in this program. The remaining $1,031.30 expenses do not cause the compensation to surpass 50% of the total settlement, as required by the Application to Employ (Dk# 30).

## SURPLUS FUNDS

21. The Court has ordered that any remaining funds after distribution of administrative claims and the claims of the creditors shall <u>not</u> be paid to the debtor. (Dk# 43)

22. Accordingly, as a result of the payment of $50,000 from Applicant, there will likely be a surplus in the instant case. Any remaining funds after distribution of administrative claims and the claims of the creditors should be paid to the Applicant.

**WHEREFORE, PREMISES CONSIDERED**, Applicant prays that after notice, the Court will grant the request for attorneys' fees and reimbursement of expenses to Special Counsel as set forth above, and authorize that any surplus funds after the payment of claims be disbursed back to The Driscoll Firm, LLC.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application for Compensation was forwarded on October 25, 2023, by Electronic CM/ECF Notice:

Attorney for Debtor
Chapter 13 Case Trustee
U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.